JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JOHN HUTCHINSON

## DEFENDANTS

COMCAST CORPORATION and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC

**(b)** County of Residence of First Listed Plaintiff   Lehigh
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Rahul Munshi , Esquire; Console Mattiacci Law, LLC
1525 Locust Street, 9th Floor Philadelphia , PA 19102
(215)545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1   U.S. Government    Plaintiff | ☒ 3   Federal Question      *(U.S. Government Not a Party)* |
| ☐ 2   U.S. Government    Defendant | ☐ 4   Diversity      *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |    Product Liability | |    28 USC 157 |    3729(a)) |
| ☐ 140 Negotiable Instrument |    Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |    Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|    & Enforcement of Judgment |    Slander |    Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |    Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
|    Student Loans | ☐ 340 Marine |    Injury Product | |    New Drug Application | ☐ 470 Racketeer Influenced and |
|    (Excludes Veterans) | ☐ 345 Marine Product |    Liability | | ☐ 840 Trademark |    Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |    Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards |    Act of 2016 |    (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending |    Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract |    Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** |    Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |    Property Damage |    Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |    Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - |    Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) |    Exchange |
| |    Medical Malpractice | |    Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |    Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff |    Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ |    Sentence | |    or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability |    Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** |    26 USC 7609 |    Act/Review or Appeal of |
| |    Employment | **Other:** | ☐ 462 Naturalization Application | |    Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| |    Other | ☐ 550 Civil Rights |    Actions | |    State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | |    Conditions of | | | |
| | |    Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original    Proceeding | ☐ 2 Removed from    State Court | ☐ 3 Remanded from    Appellate Court | ☐ 4 Reinstated or    Reopened | ☐ 5 Transferred from    Another District    *(specify)* | ☐ 6 Multidistrict    Litigation -    Transfer | | ☐ 8 Multidistrict    Litigation -    Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq. ;43 P.S. §951, et seq. ;Phila. Code §9-1101, et seq

Brief description of cause:
Age discrimination action under the ADEA, PHRA, and PFPO.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
May 28,2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __Allentown, PA 18104__

Address of Defendant: __One Comcast Center 1701 JFK Blvd Philadelphia, PA 19103__

Place of Accident, Incident or Transaction: __One Comcast Center 1701 JFK Blvd Philadelphia, PA 19103__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __May 28, 2021__    _____    307548
                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify)* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Rahul Munshi, Esquire__, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __May 28,2021__    _____    307548
                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

JOHN HUTCHINSON                                    :          CIVIL ACTION
                                    PLAINTIFF, :
                                                   :
COMCAST CORPORATION and             v. :
                                                   :
COMCAST CABLE COMMUNICATIONS                       :          NO.
MANAGEMENT, LLC              DEFENDANTS.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( x )

| May 28,2021 | | Plaintiff, John Hutchinson |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545- 7676 | (215) 827- 5101 | munshi@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---------------------------------------------  :
                                               :
**JOHN HUTCHINSON**                            :
**Allentown, PA 18104**                        :
                                               :
                            **Plaintiff,**     :
                                               :       **CIVIL ACTION NO.**
           **v.**                              :
                                               :
**COMCAST CORPORATION**                        :       **JURY TRIAL DEMANDED**
**One Comcast Center**                         :
**1701 JFK Blvd**                              :
**Philadelphia, PA 19103**                     :
                                               :
        **and**                                :
                                               :
**COMCAST CABLE**                              :
**COMMUNICATIONS**                             :
**MANAGEMENT, LLC**                            :
**One Comcast Center**                         :
**1701 JFK Blvd**                              :
**Philadelphia, PA 19103**                     :
                                               :
                          **Defendants.**      :
---------------------------------------------  :

## COMPLAINT

**I.**   **INTRODUCTION**

Plaintiff, John Hutchinson, brings this employment discrimination action against his former employers, Comcast Corporation and Comcast Cable Communications Management, LLC (collectively, "Comcast" or "Defendants"). A fifteen-year employee of Comcast, Plaintiff had consistently performed his job duties competently and received positive performance reviews over the course of his lengthy tenure with the company. In August 2018, Plaintiff began reporting to a new supervisor who was almost thirty (30) years younger than Plaintiff. The new supervisor immediately placed Plaintiff on a performance improvement plan ("PIP") and ultimately terminated his employment just a few months later. At the same time, Comcast

retained several of Plaintiff's colleagues, all of whom are substantially younger than Plaintiff and who performed at the same, or lower, level of success.

Plaintiff was discriminated against because of his age in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq*. ("ADEA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq*. ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code §9-1101, *et seq*. ("PFPO").  Plaintiff seeks damages, including economic, compensatory, liquidated, and punitive damages and all other appropriate relief.

II.   **PARTIES**

1.   Plaintiff, John Hutchinson, is an individual and citizen of the Commonwealth of Pennsylvania.

2.   Plaintiff was born in 1955 and was sixty-three (63) years old at the time of his termination of employment in January 2019.

3.   Comcast is a corporation headquartered at 1701 JFK Blvd., Philadelphia, PA 19103.

4.   Comcast is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania and the City of Philadelphia.

5.   At all times material hereto, Comcast employed more than twenty (20) employees.

6.   At all times material hereto, Defendants have had integrated operations, have had shared ownership, have had common management, and have had centralized control of their employment matters.

7.   At all times material hereto, Defendants have acted as a single employer, joint

2

employers, and/or alter egos.  The operations of Defendants are substantively consolidated.

8.      At all times material hereto, Comcast acted as an employer within the meanings of the statutes which form the basis of this matter.

9.      At all times material hereto, Plaintiff was an employee of Comcast within the meanings of the statutes which form the basis of this matter.

10.     At all times material hereto, Comcast acted by and through authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Comcast and in furtherance of Comcast's business.

**III.    JURISDICTION AND VENUE**

11.     The causes of action which form the basis of this matter arise under the ADEA, the PHRA, and the PFPO.

12.     The District Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

13.     The District Court has supplemental jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. §1367.

14.     The District Court has supplemental jurisdiction over Count III (PFPO) pursuant to 28 U.S.C. §1367.

15.     Venue is proper in the District Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this District.

16.     On or about February 15, 2019, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), and dual-filed with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination alleged herein.  Attached hereto, incorporated herein and marked as Exhibit 1 is a true and

correct copy of the PHRC/EEOC Complaint of Discrimination.

17.     On or about March 5, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue. Attached hereto, incorporated herein and marked as Exhibit 2 is a true and correct copy of that notice.

18.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

### IV.     FACTUAL ALLEGATIONS

19.     Plaintiff was born in May of 1955.

20.     Plaintiff was hired by Comcast in or around October 2003.

21.     Plaintiff had over fifteen (15) years of service at Comcast prior to his termination of employment in January 2019, during which time he performed his job duties in a highly competent manner.

22.     Plaintiff last held the position of Local Sales Manager.

23.     He last reported to Christopher Cook (age 38[1]), Area Sales Manager.

24.     Plaintiff began reporting to Mr. Cook in or around August 2018.

25.     Mr. Cook reported to Tarik Ghee (age 35), Senior Director of Sales.

26.     Before he began reporting to Mr. Cook, Plaintiff reported directly to Robert Kucharczuk (age 62), Director of Sales.

27.     Plaintiff reported to Mr. Kucharczuk until his position was "eliminated" in or around May 2018.

28.     From May 2018 until August 2018, Plaintiff reported directly to Mr. Ghee.  Then, Plaintiff began reporting to Mr. Cook when he became Area Sales Manager in or around August 2018.

---

[1] Ages contained herein are approximates.

29.     On Plaintiff's last performance evaluation prior to his termination, in August 2018, Plaintiff received an "achieves expectations" score on his mid-year review.

30.     Before he began reporting to Mr. Cook, Plaintiff had no performance or disciplinary issues and was given no indication that he was under-performing or that his job was in jeopardy.

31.     Plaintiff had also consistently received positive performance reviews.   For example, Plaintiff received an "Achieves Expectations" score on his 2017 annual performance review, and he received a "Highly Effective" final rating for 2016.

32.     On or around September 3, 2018, Mr. Cook – who had only recently become Plaintiff's supervisor – placed Plaintiff on a performance improvement plan ("PIP") for the first time in Plaintiff's fifteen-year career with Comcast.

33.     Plaintiff was blindsided, as his performance did not warrant a PIP.

34.     Plaintiff was Mr. Cook's only direct report who was placed on a PIP at that time.

35.     Comcast failed to provide Plaintiff with any explanation as to how his performance was allegedly worse than that of the younger employees who were not placed on a PIP.

36.     On or around October 3, 2018, Mr. Cook placed Plaintiff on an unjustified Collaborative Success Plan.

37.     One (1) month later, on or around November 3, 2018, Mr. Cook placed Plaintiff on an unjustified Business Improvement Plan.

38.     One (1) month after that, on or around December 3, 2018, Mr. Cook placed Plaintiff on a Final Improvement Plan.

39.     Plaintiff's performance did not warrant disciplinary action.

40.     Comcast failed to provide Plaintiff with any explanation as to how his performance was allegedly worse than that of the younger employees who were not placed on a PIP and then subsequent Plans.

41.     On January 4, 2019, in a meeting with Mr. Cook, Mr. Ghee, and Lisa Work of Human Resources, Comcast terminated Plaintiff's employment, effective immediately.

42.     The stated reason for termination was that Plaintiff's team allegedly did not hit its revenue goals.

43.     However, Plaintiff's team's revenue was at or above the prior year's numbers.

44.     Comcast's stated reason for termination was false and a pretext for age discrimination.

45.     At the time of his termination of employment, Plaintiff was the oldest employee reporting to Mr. Cook at the age of 63.

46.     The following individuals also reported to Mr. Cook and were retained in January 2019 when Plaintiff was terminated: (1) Richard Martin (age 40), Local Sales Manager; (2) Amy Adelson (age 48), Local Sales Manager; and (3) Linda Quindlin (age 50), Local Sales Manager.

47.     Plaintiff was qualified, if not more qualified, to perform these employees' positions.

48.     Defendants have an age discriminatory bias and pattern and practice of discriminating against older employees while favoring younger employees.

49.     By way of example, Defendants had also terminated and/or pushed out several older Local Sales Manager, including, but not limited to, Michael Weinstein (age 66), Patrick Dellecave (age 65), and Robert Latullipe (age 56).

50.     Plaintiff's age was a motivating and/or determinative factor in Comcast's

discriminatory treatment of Plaintiff and in the termination of Plaintiff's employment.

51.     As a direct and proximate result of the discriminatory conduct of Comcast, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

52.     The conduct of Comcast, as set forth above, was outrageous under the circumstances, was done by and with the knowledge of upper management and warrants the imposition of punitive damages against Comcast.

53.     The conduct of Comcast, as set forth above, was willful and intentional.

## COUNT I (ADEA)

54.     Plaintiff incorporates herein by reference paragraphs 1 through 53 above, as if set forth herein in their entirety.

55.     By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated the ADEA.

56.     Said violations were willful and warrant the imposition of liquidated damages.

57.     As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

58.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

59.     No previous application has been made for the relief requested herein.

## COUNT II (PHRA)

60.     Plaintiff incorporates herein by reference paragraphs 1 through 59 above, as if set

forth herein in their entirety.

61.      Defendants, by committing the foregoing acts of discrimination, have violated the PHRA.

62.      As a direct and proximate result of Defendants' violations of the PHRA, Plaintiff has sustained the injuries, damages and losses set forth herein.

63.      Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory acts unless and until the Court grants the relief requested herein.

64.      No previous application has been made for the relief requested herein.

## COUNT III (PFPO)

65.      Plaintiff incorporates herein by reference paragraphs 1 through 64 above, as if set forth herein in their entirety.

66.      Comcast, by the foregoing acts of discrimination, has violated the PFPO.

67.      The conduct of Comcast, as set forth above, was outrageous under the circumstances, was done by and with the knowledge of upper management and warrants the imposition of punitive damages against Comcast.

68.      As a direct and proximate result of Comcast's violations of the PFPO, Plaintiff has sustained the injuries, damages and losses set forth herein.

69.      Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Comcast's discriminatory acts unless and until relief is granted as requested herein.

70.      No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff, John Hutchinson, and against Defendants.  Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)  declaring the acts and practices complained of herein to be in violation of the ADEA;

(b)  declaring the acts and practices complained of herein to be in violation of the PHRA;

(c)  declaring the acts and practices complained of herein to be in violation of the PFPO;

(d)  enjoining and permanently restraining the violations alleged herein;

(e)  entering judgment against Defendants in favor of Plaintiff in an amount to be determined;

(f)  awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits and earnings capacity which Plaintiff has suffered and will continue to suffer as a result of Defendants' discriminatory and unlawful misconduct;

(g)  awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures and pain and suffering, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(h)  awarding liquidated damages to Plaintiff under the ADEA;

(i)  awarding punitive damages to Plaintiff under the PFPO;

(j)  awarding Plaintiff such other damages as are appropriate under the ADEA, the PHRA, and the PFPO;

(k)  awarding Plaintiff the costs of suit, expert fees and other disbursements, and

reasonable attorneys' fees; and,

(l)  granting such other and further relief as this Court may deem just, proper, or equitable

including other equitable and injunctive relief providing restitution for past violations

and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated: May 28, 2021                    By: _____

Rahul Munshi
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
munshi@consolelaw.com
215-545-7676
215-814-8920 (fax)

Attorneys for Plaintiff,
John Hutchinson

# Exhibit 1

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## **COMPLAINT**

|                                                              |   |            |
| ------------------------------------------------------------ | - | ---------- |
| COMPLAINANT:                                                 | : |            |
|                                                              | : |            |
| **JOHN HUTCHINSON**                                          | : | Docket No. |
|                                                              | : |            |
| v.                                                           | : |            |
|                                                              | : |            |
| RESPONDENTS:                                                 | : |            |
|                                                              | : |            |
| **COMCAST CORPORATION**                                      | : |            |
|                                                              | : |            |
| and                                                          | : |            |
|                                                              | : |            |
| **COMCAST CABLE COMMUNICATIONS**                             | : |            |
| **MANAGEMENT, LLC**                                          | : |            |
|                                                              | : |            |

1. The Complainant herein is:

    Name:     John Hutchinson

    Address:  **REDACTED**

2. The Respondents herein are:

    Name:     Comcast Corporation, Comcast Cable Communications Management, LLC

    Address:  One Comcast Center
              Philadelphia, PA 19103

3. I, John Hutchinson, the Complainant herein, allege that I was subjected to unlawful

discrimination because of my age (63) as set forth below:

**Discrimination**

### A. I specifically allege:

[1]     I was hired by Respondents in or about October 2003. I had more than fifteen (15) years of service at Respondents. I consistently performed my job duties in a highly competent manner.

[2]     I am age sixty-three (63), and my birth date is May 31, 1955.

[3]     I last held the position of Local Sales Manager.

[4]     I last reported to Christopher Cook (38[1]), Area Sales Manager. Cook (38) reported to Tarik Ghee (35), Senior Director of Sales.

[5]     In August 2018, I began reporting to Cook (38).

[6]     I was the oldest employee reporting to Cook (38).

[7]     At the time of my termination, the following employees reported to Cook (38) and were **not** terminated: Richard Martin (40), Local Sales Manager; Amy Adelson (48), Local Sales Manager; and Linda Quindlin (50), Local Sales Manager. I was qualified, if not more qualified, to perform these employees' positions.

[8]     Before I began reporting to Cook (38), I reported to Robert Kucharczuk (62), Director of Sales. I reported to Kucharczuk (62) until his position was eliminated in May 2018.

[9]     Between May 2018 and August 2018, I reported directly to Ghee (35). I reported to Ghee (35) until Cook (38) was selected for the Area Sales Manager position and I was assigned to report to him.

[10]     In August 2018, in a meeting with Ghee (35), I received an "achieves expectations" mid-year review.

---

[1] All ages herein are approximations.

[11]     Before I began reporting to Cook (38), I had no performance or disciplinary issues and no indication that I was underperforming or that my job was in jeopardy.

[12]     Before I began reporting to Cook (38), I received positive performance reviews.

[13]     On or about September 3, 2018, in a meeting with Cook (38), Respondents placed me on an unjustified Performance Improvement Plan ("PIP"). I was blindsided. My performance did not warrant a PIP.

[14]     I was placed on a PIP within approximately one (1) month of beginning to report to Cook (38).

[15]     Before September 3, 2018, I had no indication that my job was in jeopardy.

[16]     I was Cook's only direct report who was placed on a PIP on September 3, 2018.

[17]     Respondents failed to provide me with any explanation as to how my performance was allegedly worse than that of younger employees who were not placed on a PIP.

[18]     On or about October 3, 2018, in a meeting with Cook (38), Respondents placed me on an unjustified Collaborative Success Plan. My performance did not warrant a Collaborative Success Plan.

[19]     I was Cook's only direct report who was placed on a Collaborative Success Plan on October 3, 2018.

[20]     Respondents failed to provide me with any explanation as to how my performance was allegedly worse than that of younger employees who were not placed on a Collaborative Success Plan.

[21]     On or about November 3, 2018, in a meeting with Cook (38), Respondents placed me on an unjustified Business Improvement Plan.  My performance did not warrant a Business Improvement Plan.

[22]     I was Cook's only direct report who was placed on a Business Improvement Plan on November 3, 2018.

[23]     Respondents failed to provide me with any explanation as to how my performance was allegedly worse than that of younger employees who were not placed on a Business Improvement Plan.

[24]     On or about December 3, 2018, in a meeting with Cook (38), Respondents placed me on an unjustified Final Improvement Plan.  My performance did not warrant a Business Improvement Plan.

[25]     I was Cook's only direct report who was placed on a Final Improvement Plan on December 3, 2018.

[26]     Respondents failed to provide me with any explanation as to how my performance was allegedly worse than that of younger employees who were not placed on a Final Improvement Plan.

[27]     On January 4, 2019, in a meeting with Cook (38), Ghee (35), and Lisa Work (50), Human Resources, Respondents terminated my employment, effective immediately. The stated reason was that my team did not hit its revenue goals.  This was false.  My team's revenue was at or above last year's numbers.

[28]     Respondents' stated reason for my termination is pretext.

[29]     Respondents terminated my employment because of my age.

[30]     I was Cook's only direct report terminated on January 4, 2019.

[31]     Respondents retained all other employees directly reporting to Cook (38), all of whom are substantially younger than I am.

[32]     Respondents failed to provide me with any explanation, including the selection criteria, as to why I was terminated and the younger employees were retained.

[33]     Respondents failed to provide me with any explanation as to how my performance was allegedly worse than that of younger employees who were retained.

[34]     Respondents discriminated against me based on my age in subjecting me to a hostile work environment, placing me on improvement plans, and terminating my employment.

[35]     Respondents recently terminated and/or pushed out Kucharczuk (62); Michael Weinstein (66), Local Sales Manager; Patrick Dellecave (65), Local Sales Manager; Robert Latullipe (56), Local Sales Manager.

[36]     Respondents have an age discriminatory bias and a pattern and practice of discriminating against older employees and favoring younger employees.

[37]     **I bring this Complaint as a class and pattern and practice Complaint on behalf of myself and any and all current or former employees of Respondents who are age forty (40) and over, and who have been discriminated against based on age in connection with being subjected to a hostile work environment, hiring, failure to promote, and termination.**

**B.** Based on the aforementioned, I allege that Respondents have discriminated against me because of my age (63), in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as

amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

4.    The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

    **X**          **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):  (a)**

    \_\_\_\_        Section 5.1 Subsection(s) _____

    \_\_\_\_        Section 5.2 Subsection(s) _____

    \_\_\_\_        Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.    Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

    **X**          **This charge will be referred to the EEOC for the purpose of dual filing.**

6.    The Complainant prays that Respondents be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## **VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

2-15-19

(Date Signed)

(Signature) John Hutchinson

REDACTED

# EXHIBIT 2

EEOC Form 161-B (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **John Hutchinson**

REDACTED

From: **Philadelphia District Office**
**801 Market Street**
**Suite 1000**
**Philadelphia, PA 19107**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Kurt Jung** | |
| **17F-2021-60401** | **State, Local & Tribal Program Manager** | **(267) 589-9749** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.**  Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jamie R. Williamson*                                    **03/05/2021**

Enclosures(s)

**Jamie R. Williamson**
**District Director**

*(Date Issued)*

cc: **COMCAST CORPORATION AND COMCAST CABLE COMMUNICATIONS MGMT**

**Rahul Munshi, Esq.**
**Console Mattiacci Law**
**1525 Locust Street, 9th Floor**
**Philadelphia, PA 19102**
munshi@consolelaw.com
buccieri@consolelaw.com

**Sean Caulfield, Esq.**
**Morgan, Lewis & Bockius LLP**
**1701 Market Street**
**Philadelphia, PA 19103**
sean.caulfield@morganlewis.com

Enclosure with EEOC
Form 161-B (11/2020)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --      Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or
record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you
did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was
*issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office. If you have simple questions, you usually can get answers from the
office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or
make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
<u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE      --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be
made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***